COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

ELBERT LEE SPENCER

v.          Record No. 2360-94-1          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
TARMAC MID-ATLANTIC, INC.                 OCTOBER 10, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

David L. Horne (Pender & Coward, on brief),
for appellant.

F. Nash Bilisoly (R. John Barrett; Susan B. Potter;
Vandeventer, Black, Meredith & Martin, on brief),
for appellee.


Elbert L. Spencer (claimant) appeals from a decision of the
Workers' Compensation Commission (commission) that denied his
request that the commission require Tarmac Mid-Atlantic, Inc.
(employer) to pay a twenty percent penalty on compensation due
after being suspended during unsuccessful appeal processes.  The
facts are not in dispute.

In March 1992, claimant sustained an injury while employed
by employer, which employer accepted as compensable.  By
agreement, an award was entered in July 1992.  In September 1993,
based on a report of Dr. Richard B. McAdam, employer applied for
a hearing alleging a change in medical condition and requesting
termination or temporary suspension of disability benefits.  In
opposition to that request, claimant filed a written statement

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and supporting documentation of his claim that benefits should not be suspended.

The commission's claims division reviewed employer's application for a hearing, found probable cause to place the case on the hearing docket, and authorized the suspension of benefits pending the hearing. Later in October 1993, before a hearing could be held, claimant requested the full commission to review the probable cause finding and suspension of benefits. The deputy then removed the case from the hearing docket.

On December 1, 1993, the full commission denied claimant's request and issued an opinion that preliminary evidence justified suspension of benefits. On December 2, 1993, claimant filed a request that the commission reconsider that opinion. On December 8, 1993, the commission issued a second opinion reversing its December 1 decision. In the December 8 opinion, the commission determined it had mistakenly believed that Dr. McAdam had been claimant's treating physician. In fact, Dr. McAdam had independently examined claimant for employer but had not seen claimant in more than one and one-half years.

On January 4, 1994, employer filed a notice of appeal to the Court of Appeals. Claimant moved to dismiss the appeal and on April 8, 1994, pursuant to Code § 17-116.05, the Court of Appeals held that the December 8, 1993 opinion of the commission was not a final decision from which an appeal could be made. Within two weeks of April 8, 1994, employer paid all compensation that had

accrued from September 28, 1993, the date of its last payment.

Claimant then requested the commission to award him attorney's fees and penalties of twenty percent on the accumulated sums pursuant to Code § 65.2-524 which provides that "[i]f any payment is not paid within two weeks <u>after it becomes due</u>, there shall be added to such unpaid compensation an amount equal to twenty percent thereof" (emphasis added). Employer declined to pay these sums, asserting that payments had lawfully been suspended pursuant to Rule 13(A) and Code § 65.2-706(C). The full commission denied claimant's request for any assessment, holding that the record failed to show that employer did not institute the action without reasonable grounds or in bad faith.

Code § 65.2-706(C) provides that:
> an appeal from the decision of the Commission to the Court of Appeals, . . . shall operate as a suspension of the award and no employer shall be required to make payment of the award involved in the appeal until the questions at issue therein shall have been fully determined in accordance with the provisions of this title.

Appellant argues that suspension is not warranted because the appeal was dismissed as prematurely filed. On the facts contained in this record, we disagree and hold that compensation that accrued after the employer filed its September 28, 1993 application did not become due until April 8, 1994, when this Court issued its order dismissing the employer's appeal. Because the employer paid all past due compensation within two weeks

- 3 -

after April 8, 1994, the commission did not err in finding that a twenty percent penalty was not due under Code § 65.2-524.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>